**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CAPITOL HILL BAPTIST CHURCH,** | \| |
| | \| |
| **Plaintiff,** | \| |
| | \| **Civil Action No. 1:20-cv-2710** |
| **v.** | \| |
| | \| |
| **MURIEL BOWSER, in her official** | \| |
| **capacity as Mayor of the District of** | \| |
| **Columbia, and the DISTRICT OF** | \| |
| **COLUMBIA,** | \| **Oral Argument Request** |
| | \| |
| **Defendants** | \| |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION
FOR EMERGENCY HEARING**

Plaintiff hereby moves the Court pursuant to Rule 65(b) of the Federal Rules of Civil

Procedure for a temporary restraining order to prevent Defendants (the Mayor of the District of

Columbia and the District of Columbia) from prohibiting in-person religious services held

outdoors that adhere to social distancing precautions.  Specifically, Plaintiff asks the Court to

block Defendants' official capacity enforcement of Mayor's Order 2020-075 against its outdoor

church gathering.  Defendants' now six-month ban on Plaintiff's religious gatherings, even if

held outdoors with appropriate precautions, runs afoul of multiple clauses of the First

Amendment to the United States Constitution as well as the Religious Freedom Restoration Act

("RFRA"), 42 U.S.C. § 2000bb, *et seq*.  As detailed more fully in the accompanying

Memorandum of Law, the issuance of a temporary restraining order is warranted here because

Plaintiff has met all of the elements required for such relief.

Plaintiff is likely to succeed on all of the claims it has alleged in the complaint.  Plaintiff

is likely to succeed on the merits of the claim that Defendants have violated Plaintiff's First

- 1 -

Amendment right to free speech.  Content-based distinctions of speech "are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests."  *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015).  A content-based exemption from a ban is no less a content-based distinction because it is phrased as exempting certain speech from a ban rather than as imposing the restriction only on the burdened class of speech.  *See City of Ladue v. Gilleo*, 512 U.S. 43, 48-53 (1994); *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 429 (1993).  Defendants' prohibition of mass gatherings has been selectively enforced against religious institutions and not mass protests, thus creating a content-based restriction on speech.  This content-based prohibition on outdoor church gatherings of more than 100 congregants is not "narrowly tailored" to the government's admittedly legitimate interest in promoting public health with regard to the COVID-19 pandemic, as evidenced by Defendants' allowance of, and Mayor Bowser's personal participation in, outdoor gatherings of far greater size and little to no social distancing.  Plaintiff is thus likely to succeed on the merits of this claim.

Similarly, Plaintiff is likely to succeed on the merits of the claim that Defendants have violated Plaintiff's First Amendment right to peaceably assemble.  Defendants' action fails to further a compelling government purpose by the least restrictive means.  *See, e.g.*, *San Antonio Independent Sch. Dist. v. Rodriguez*, 411 U.S. 1, 16-17 (1973); *Dunn v. Blumstein*, 405 U.S. 330 (1972).  Defendants' prohibition cannot satisfy strict scrutiny because there are less restrictive alternatives to achieve the government interest, such as allowing services to be held consistent with social distancing precautions that are designed to limit the spread of COVID-19, as Defendants allow with similar secular activities such as mass protests.  Defendants have not

narrowly tailored their action to the compelling interest, and thus Plaintiff is likely to succeed on the merits of this claim.

Plaintiff is likewise likely to succeed on its claim under RFRA, which imposes strict scrutiny on government actions that substantially burden a person's exercise of religion.  42 U.S.C. § 2000bb-1.  By denying Plaintiff the ability to hold in-person outdoor church services for more than 100 people, Defendants are in violation of RFRA.  Defendants are substantially burdening Plaintiff's exercise of religion by attaching civil penalties to its in-person outdoor congregational gatherings.  *See, e.g.*, *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610, 613 (6th Cir. 2020) ("Orders prohibiting religious gatherings, enforced by police officers … amount to a significant burden on worship gatherings.").  Given this substantial burden, Defendants would have to prove—with admissible evidence, 42 U.S.C. § 2000bb-2(4)—that the governmental interest in protecting the public from COVID-19 cannot be sufficiently satisfied with something less restrictive than an outright prohibition of outdoor worship gatherings larger than 100 people.  Defendants fail this extremely demanding least-restrictive-means test and, for this reason, Plaintiff is likely to succeed on this claim.

Finally, Plaintiff is likely to succeed on the claim that Defendants have violated Plaintiff's right to free exercise of religion based on controlling Supreme Court precedent. Defendants' action is not neutral nor generally applicable, and it does not survive strict scrutiny. *See Church of the Lukumi Babalu Aye v. Hialeah*, 508 U.S. 520, 546 (1993).  Defendants' prohibition is subject to strict scrutiny because of the discriminatory manner in which it has been enforced.  Despite the availability of less restrictive means to serve the legitimate health and safety interests—namely, abiding by social distancing precautions—Defendants have instead ordered an absolute prohibition of outdoor religious services of over 100 attendees.   Because

this prohibition is not narrowly tailored to the government interest, it violates Plaintiff's right to free exercise.  Plaintiff is thus likely to succeed on the merits of this claim.

The other temporary restraining order factors also weigh in favor of Plaintiff. Enforcement of the prohibition will result in immediate, irreparable harm, as Plaintiff and its members will lose the right to celebrate the upcoming Lord's Day (and subsequent Lord's Days until the restrictions change) as one congregation in the District of Columbia, according to their sincerely held religious beliefs.  Moreover, the balance of equities weighs firmly in favor of Plaintiff.  The participants in Plaintiff's outdoor worship gatherings are committed to physically gathering in a manner consistent with social distancing precautions to ensure the safety and well-being of members and congregants.  Finally, it is always in the public interest to protect constitutional rights.

A temporary restraining order is thus proper to protect Plaintiff's rights to free speech, peaceful assembly, and religious freedom.  Plaintiff respectfully requests the emergency intervention of this Court to protect it from the immediate and irreparable injury to its legal rights. Without such relief, Plaintiff will forever lose its ability to celebrate this upcoming Lord's Day in the District of Columbia in accordance with its sincerely held religious beliefs.

For the foregoing reasons, and as set forth in the accompanying Memorandum, Plaintiff respectfully requests that the Court GRANT the Motion for a Temporary Restraining Order.

Dated: September 22, 2020                    Respectfully submitted,

                                             */s/ Matthew T. Martens*
                                             Matthew T. Martens (D.C. Bar No. 1019099)
                                             Kevin Gallagher (D.C. Bar No. 1031415)*
                                             Matthew E. Vigeant (D.C. Bar No. 144722)*
                                             Andrew Miller (D.C. Bar No. 1644997)*

WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Matthew.Martens@wilmerhale.com
*admission application pending*

Kevin Palmer (*pro hac vice forthcoming*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Kevin.Palmer@wilmerhale.com

Hiram S. Sasser, III (*pro hac vice forthcoming*)
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
Fax: (972) 941-4457
hsasser@firstliberty.org

*Attorneys for Capitol Hill Baptist Church*